United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, § | |
| TDCJ # 01169005, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-4252 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kevin Jerome Jones, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.     BACKGROUND

Jones is serving a sentence based on a 2017 conviction for robbery in Tarrant County, Case No. 1469217D. *See* Dkt. 2, at 2; Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Dec. 13, 2022). He previously has filed at least one writ of habeas corpus challenging his robbery conviction, which was denied. *See Jones v. Davis*, Civil Action No. 4:18-0641-P (N.D. Tex) (Sept. 11, 2019).

In 2019, because Jones had repeatedly filed "frivolous and repetitive" habeas petitions in the Northern District of Texas, the court ordered him to pay a $100 sanction and instructed the clerk that, if Jones attempted to file any habeas petition in the Northern District of Texas without payment of the sanction, the filings were to be docketed for administrative purposes only. *See Jones v. Davis*, Civil Action No. 4:18-CV-1004-Y (N.D. Tex. Feb. 27, 2019); *see also Jones v. Lumpkin*, Civil Action No. 4:21-cv-01161-P (N.D. Tex.) (Oct. 19, 2021).

Jones filed this habeas action on November 3, 2022, in the Northern District of Texas, Dallas Division. The court construed the petition as challenging a disciplinary proceeding and, on December 9, 2022, transferred the petition to this Court (Dkt. 3; Dkt. 4). Although Jones' petition states that he challenges a disciplinary proceeding (Dkt. 2, at 2), he provides no further details about his disciplinary conviction or his punishment.

## II.  DISCUSSION

This Court may hear Jones' petition because he filed the petition when incarcerated at the Wynne Unit in Walker County, which is within the boundaries of the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may

result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Here, Jones cannot demonstrate a constitutional violation during his disciplinary proceeding because, as a matter of Texas law, his robbery conviction renders him ineligible for mandatory supervision. *See* TEX. PENAL CODE § 29.02 (robbery); TEX. GOV'T CODE § 508.149(a)(11) (inmates serving a sentence for conviction under Texas Penal Code § 29.02 "may not be released to mandatory supervision"); *Ex parte Ervin*, 187 S.W.3d 386 (Tex. Crim. App. 2005). This is fatal to his challenge. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit. *See Malchi*, 211 F.3d at 957-58.

Under these circumstances, Jones cannot demonstrate a constitutional violation in connection with a disciplinary conviction. His pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, to the extent Jones seeks to bring civil rights claims, he has not paid the filing fee and is ineligible to proceed without payment of the fee. Jones is barred under 28 U.S.C. § 1915(g) from filing a civil rights action while proceeding *in forma pauperis*

unless he is in imminent danger of serious physical injury at the time he filed his complaint. *See Jones v. Lumpkin*, Civil Action No. 3:22-02357-N (N.D. Tex. Dec. 8, 2022). His pleadings in this case do not allege that he was in imminent danger at the time of filing.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the federal habeas corpus petition (Dkt. 2) filed by Kevin Jerome Jones is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____December 14_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE